IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE RAY BROWN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>OFFICER JESS BEAGLEY et. al,<br><br>　　　　Defendants.<br>_____ | )  Case No.: 1:10-cv-01460 OWW JLT<br>)<br>)  ORDER GRANTING MOTION TO PROCEED<br>)  IFP; ORDER DISMISSING COMPLAINT<br>)  WITH LEAVE TO AMEND<br>)<br>)  (Docs. 1, 2, 4)<br>)<br>)<br>) |

Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983.  On November 16, 2010, Plaintiff filed an amended application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  (Doc. 3)

**I.    Motion to proceed in forma pauperis**

In his application to proceed IFP, Plaintiff alleges that his sole financial support is SSI/SSP.  (Doc. 4) Though his motion to proceed IFP fails to report the amount of his income, he has alleged in his complaint for damages that he receives $845 per month. (Doc. 1 at 4) Plaintiff asserts that he has no cash, property or other assets.  (Doc. 4)

Based upon the declaration submitted, the Court finds that Plaintiff has satisfied the indigency requirements of 28 U.S.C. § 1915 and that he is unable to pay the costs of commencing

this action. Accordingly, Plaintiff's IFP motion is **GRANTED.**

## II. The Court is required to screen a case filed IFP.

The Court is required to screen a case filed IFP (28 U.S.C. §1915(a); 28 U.S.C. 1915(e)) and is required to dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

## III. Legal authority

### A. 42 USC § 1983

Plaintiff seeks damages under 42 U.S.C. § 1983. To warrant relief under this section, plaintiffs must show that the defendants' acts or omissions caused the deprivation of the their constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by plaintiffs. See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371(1976)).

### B. Rule 8(a)

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a). Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of plaintiffs' claim plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). In other words, the complaint must give the defendants fair notice of what constitutes the plaintiff's

claims and the grounds upon which they rest. Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that plaintiffs are entitled to relief under a viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).

In Ashcroft v. Iqbal, 129 S.Ct. at 1949, the Court observed,

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [Citations]. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Citation]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." [Citation].

The Court further clarified that,

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. The Court instructed, "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950. However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

**III.    Summary of the Allegations**

Plaintiff alleges that on March 15, 2010, he was arrested by Jess Beagley and Justin Enns who are officers of the Bakersfield Police Department. (Doc. 1 at 3) Plaintiff alleges that the statement of probable cause to support the arrest, prepared by Officer Enns, was intentionally fabricated. Id. Plaintiff appears to allege further that Officer Beagley was motivated by an unlawful intent based upon the allegation that on the day of the arrest, Officer Beagley told Plaintiff through his door, "You know Mr. Brown I do not like you, open the door or I will kick it in." Id. at 4.

Plaintiff alleges that the officers charged Plaintiff unlawfully with being in possession of rock cocaine and that the officers asserted that Plaintiff was "in possession of a large amount of small bills in U.S. currency" at the time of the arrest. (Doc. 1 at 3) Plaintiff alleges that the arrest was unlawful and that the criminal charges were later dismissed by the Kern County District Attorney. Id.

Based upon these factual allegations, Plaintiff seeks to impose liability under 42 USC § 1983 for violations of his Fourth and Eighth Amendments rights.

**IV.   Analysis**

    **A.   Plaintiff cannot state a claim under the Eighth Amendment**

Plaintiff asserts that Defendants violated his Fourth and Eighth Amendment rights when they falsely arrested him. However, the Eighth Amendment's protection against cruel and unusual punishment applies only to convicted prisoners. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Bell v. Wolfish, 441 U.S. 520, 535 (1979). As to pretrial detainees, it is the Fourteenth Amendment's Due Process Clause that protects them. Graham, 490 U.S. at 395 n. 10; Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002). On this basis, the Ninth Circuit has determined that the Fourth Amendment's standards set the applicable constitutional limitations for considering such claims. Gibson, 290 F.3d at 1197; Short v. Sanzberro, 2009 U.S. Dist. LEXIS 122519 at *8 (E.D. Cal. 2009).

Though Plaintiff alleges he was arrested as a result of Defendants' conduct, he alleges that he was not convicted of the charges. Therefore, the Eighth Amendment does not apply and the claims based thereon are **DISMISSED.**

    **B.   Plaintiff has not stated a cognizable claim under the Fourth Amendment**

Plaintiff alleges also that his Fourth Amendment rights have been violated due to the arrest on March 15, 2010. Though the Fourth Amendment standards will be applied to evaluate Plaintiff's claim, his cause of action arises under the Fourteenth Amendment. Graham, 490 U.S. at 395 n. 10; Gibson v. County of Washoe, 290 F.3d at 1197. Thus, the complaint fails to state a cause of action.

**C.     Plaintiff has failed to state a cause of action against Defendant Beagley**

Though Plaintiff alleges that Officer Beagley voiced his dislike of him at the time of Plaintiff's arrest, this is insufficient to impose liability on this defendant. There are no other facts alleged that outline any unlawful acts that Plaintiff attributes to Officer Beagley.

For example, though Plaintiff alleges that Officer Enns prepared a false statement of probable cause, there are no facts alleged that Officer Beagley was aware of this or that Officer Beagley had any role in preparing the statement of probable cause. Moreover, it is unclear whether Plaintiff is claiming that Officer Beagley unlawfully gained entry into his home. Because the Court cannot determine the unconstitutional act that Plaintiff attributes to Defendant Beagley, the complaint is vague and ambiguous and must be dismissed.

**V.     Conclusion**

Plaintiff's complaint fails to state a claim under section 1983 for violation of his Fourth or Eighth Amendment rights. The Court will provide Plaintiff with the opportunity to file an amended complaint to delete his reference to the Eighth Amendments and to replace it with the Fourteenth Amendment. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Likewise, Plaintiff will be granted leave to provide factual clarification as to the unconstitutional acts that he attributes to Defendant Beagley, if he chooses.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiffs' amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.     Plaintiff's motion to proceed IFP is **GRANTED**;

2.      Plaintiff's complaint is **DISMISSED WITH LEAVE** to file an amended complaint within 20 days from the date of service of this order;

Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **November 17, 2010**                              /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE