IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE RAY BROWN, | Case No. 1:10-cv-01460 LJO JLT |
| Plaintiff, | ORDER DISMISSING THE AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (Doc. 6.) |
| OFFICER JESS BEAGLEY, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's amended complaint filed December 8, 2010.

**I.   SCREENING**

**A.   Screening Requirement**

The Court is required to review a case filed *in forma pauperis*. See 28 U.S.C. § 1915(e). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.    Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.    Rule 8(a)**

Complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  THE AMENDED COMPLAINT

Plaintiff alleges that on March 15, 2010, Officers Beagley and Enns of the Bakersfield Police Department arrested Plaintiff on false pretenses. (Doc. 6 at 6.) In Plaintiff's view, Officer Enns fabricated the police report which stated that Plaintiff was in possession of 1.9 grams of rock cocaine and a large amount of United States currency. (Id. at 7.) Plaintiff alleges that although the criminal charges related to the arrest were eventually dismissed, Plaintiff was forced to spend $3500 in order to secure a $35,000 bail bond. (Id. at 2, 6-7.) Accordingly, Plaintiff has filed the instant civil rights action, seeking monetary damages for the false arrest and to recover the cost of his bail. (Id. 8-9.)

## III.  DISCUSSION

### A.  False Arrest

"An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001) (quoting Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1988)).[1] "[I]n any constitutional tort case, including Fourth Amendment-based cases, . . . a plaintiff seeking to sue non-prosecutorial officials alleged to be responsible . . . for [an unlawful] arrest . . . [must] show the absence of probable cause." Beck v. City of Upland, 527 F.3d 853, 863-64 (9th Cir. 2008). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." Ramirez

---

[1] In the Court's prior screening order, the Court advised Plaintiff that his claims arise under the Fourteenth Amendment, not the Fourth Amendment. However, the amended complaint now makes clear that the essence of Plaintiff's claim is the lack of probable cause supporting his arrest. This claim is properly analyzed under the Fourth Amendment.

v. City of Buena Park, 560 F.3d 1012, 1023 (9th Cir. 2009). In other words, "[t]here must be some objective evidence which would allow a reasonable officer to deduce that a particular individual has committed or is in the process of committing a criminal offense." McKenzie v. Lamb, 738 F.2d 1005, 1008 (9th Cir. 1984).

In this case, the facts alleged in the amended complaint fail to demonstrate an absence of probable cause for Plaintiff's arrest. Plaintiff merely alleges that Defendant Enns drafted a false police report stating that Plaintiff possessed 1.9 grams of rock cocaine and a large amount of United States currency. However, as to all the other circumstances surrounding the arrest, the amended complaint is entirely silent. For example, there is no indication as to why Defendants Beagley and Enns first approached Plaintiff. Nor is there any explanation as to why Defendants Beagley and Enns initiated a search of Plaintiff. Without such facts, Plaintiff's allegation that he was arrested without sufficient probable cause is simply conclusory.

The fact that the criminal charges against Plaintiff were eventually dismissed by the Kern County Deputy District Attorney lends little support to Plaintiff's claim. According to Plaintiff, "[t]he reason for dismissal was by California Statute." (Doc. 6 at 2.) This statement is vague and ambiguous. It is entirely inappropriate to infer from this bare statement that the criminal charges were dismissed because of any wrongdoing on the part of Defendants Beagley or Enns. The Deputy District Attorney could have opted not to prosecute the case for a myriad of reasons, all unrelated to the issue of whether Defendants had probable cause to search.

In sum, the amended complaint simply does not contain "sufficient factual matter" to state a claim that is "plausible on its face." Iqbal, 129 S. Ct. at 1949. The Court is left to speculate as to whether Plaintiff is entitled to relief. Accordingly, the Court finds that the amended complaint fails to state a cognizable Fourth Amendment claim.

**B.     Leave to Amend**

The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations

4

omitted). If Plaintiff elects to file a second amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files a second amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the second amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

**IV.   CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed;
2. Plaintiff is granted thirty (30) days from the date of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   **January 14, 2011**             /s/ **Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE