1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BENNIE RAY BROWN,                      Case No. 1:10-cv-01460 OWW JLT

12           Plaintiff,                     FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING THIS ACTION BE
13       vs.                                DISMISSED FOR PLAINTIFF'S FAILURE
                                            TO PROSECUTE
14   OFFICER JESS BEAGLEY, et al.,

15           Defendants.

16   _____/

17   **I.    BACKGROUND**

18           Plaintiff is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42

19   U.S.C. § 1983.  By order filed January 18, 2011, the Court screened Plaintiff's amended complaint

20   and concluded that the amended complaint did not contain sufficient factual matter to state a claim

21   that is plausible on its face.  (Doc. 7 at 4.)  The Court therefore dismissed the amended complaint

22   and granted Plaintiff thirty days leave to file a second amended complaint.  (Id. at 4-5.)  The thirty

23   day period expired, however, and Plaintiff failed to file a second amended complaint or otherwise

24   respond to the Court's January 18, 2011 order.

25           On February 23, 2011, the Court issued an order to show cause.  (Doc. 8.)  In the order, the

26   Court instructed Plaintiff to, within twenty-one days, file a second amended complaint and to show

27   cause in writing why this action should not be dismissed for his failure to prosecute.  (Id.)  Plaintiff

28   was also firmly cautioned that his failure to comply with the order to show cause, as well as the

                                              1

1  Court's previous orders, would result in a recommendation that this action be dismissed for failure

2  to prosecute. (Id.) Nevertheless, the twenty-one day period has now expired, and Plaintiff has once

3  again failed to file a second amended complaint or otherwise respond to the Court's orders.

4  **II.     FAILURE TO PROSECUTE**

5          Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules

6  or with any order of the Court may be grounds for imposition by the Court of any and all sanctions

7  authorized by statute or Rule or within the inherent power of the Court." District courts have the

8  inherent power to control their dockets and "in the exercise of that power, they may impose

9  sanctions, including where appropriate . . . dismissal of the case." Thompson v. Housing Authority,

10  782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, based on a party's failure to

11  prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g.,

12  Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);

13  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an

14  order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th

15  Cir. 1987) (dismissal for lack of prosecution and failure to comply with local rules).

16          In determining whether to dismiss an action for lack of prosecution, failure to obey a court

17  order, or failure to comply with local rules, the court must consider several factors, including: (1)

18  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

19  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

20  merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson

21  v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986).

22          With respect to the first two factors – the public's interest in expeditiously resolving litigation

23  and the Court's interest in managing its docket – the Court finds these factors indicate that dismissal

24  is appropriate and warranted. This case was initiated on August 13, 2010. Over six months have

25  since passed, and despite the Court's efforts at moving the case forward, Plaintiff has still yet to file

26  a pleading that states a cognizable claim. Now, Plaintiff has suddenly absented himself from the

27  process and has failed to take the necessary steps to prosecute this case. As such, this case is at a

28  complete standstill.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  Here, the Court has attempted to prompt Plaintiff into action with its orders, most notably the Court's February 23, 2011 order to show cause. (Doc. 8.)  Nevertheless, Plaintiff has failed to respond in any way.  Thus, the Court finds Plaintiff's delay in prosecuting this action to be unreasonable.

Alternatives, less drastic than dismissal, do not appear to be realistic.  Because Plaintiff is proceeding in forma pauperis, monetary sanctions are not a viable option.  Likewise, given the history of this case, the Court has little confidence that another warning or further admonitions would result in Plaintiff taking action.  The Court has already warned Plaintiff on two occasions that his failure to respond would result in the dismissal of this action, but those orders have not spurred Plaintiff into action.[1]  (Docs. 7 & 8.)  Thus, the Court finds that there is no reasonable alternative to dismissal.

The Court recognizes that public policy favors disposition of cases on the merits and has factored this consideration into its decision.  However, securing a disposition on the merits in this case will likely come only at a price that substantially compromises the public's interest in expeditious resolution of this litigation, the Court's interest in managing its docket, and Defendant's interest in a legal process free from unreasonable delay.  Consequently, the Court finds that this factor – public policy favoring disposition on the merits – is greatly outweighed by the other factors favoring dismissal of this action.

**III.    CONCLUSION**

Accordingly, for the reasons set forth above, it is **HEREBY RECOMMENDED** that this action be **DISMISSED** without prejudice for Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

---

[1]  The Court's warning to a party that his failure to obey the Court's order is sufficient to satisfy the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.

1    after being served with these findings and recommendations, Plaintiff may file written objections

2    with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

3    Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

4    waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5

6    IT IS SO ORDERED.

7    Dated:   __**March 21, 2011**__                              _____**/s/ Jennifer L. Thurston**_____
                                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28