IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BENNIE RAY BROWN<br><br>Plaintiff,<br><br>v.<br><br>OFFICER JESS BEAGLEY, et al.,<br><br>Defendants. | Case No.: 1:10-cv-01460 JLT<br><br>ORDER DENYING REQUEST FOR SUBPOENAS<br><br>(Doc. 40). |

On August 13, 2010, Plaintiff initiated this civil rights action against two individuals. (Doc. 1). On April 17, 2012, Plaintiff filed a motion requesting subpoenas "pursuant to Fed. R. Civ. P. 45(c)(1)."[1]

Plaintiff acknowledges that non-expert discovery in this matter closed on March 30, 2012. (Doc. 40 at 3 and Doc. 38). Despite this, Plaintiff requests the Court issue five (5) subpoenas to him—one of which is to require Defendant's "Risk Management" agent to appear at a settlement hearing and another is for evidence in the property room of the Bakersfield Police Department. (Doc. 40 at 2). Plaintiff requests the Court grant his request "due to the fact defendants and their

---

[1] Contrary to Plaintiff's pleading Rule 45(c)(1) does not entitle Plaintiff to the relief he requests; it merely explains that any party issuing a subpoena must not unduly burden the party being subpoenaed. Fed. R. Civ. P. 45(c)(1).

1 Attorney [sic] have acted in bad faith throughout the beginning of the complaint with delay tactics
2 and frivolous [sic] defense . . . ." (Id. at 3). Plaintiff further asks the Court to "preserve a right to
3 a hearing" on this issue. For the foregoing reasons, Plaintiff's request for subpoenas is DENIED.

### Settlement Conference

As the Court noted in its Order Disregarding Plaintiff's Demand for Acceptance of Offer of Judgment, settlement negotiations are conducted among the parties, unless otherwise ordered by the Court. The Court has not set a Settlement Conference in this matter and does not intend to do so at this time. (Doc. 38). Thus, Plaintiff's request to subpoena Defendants' Risk Manager to appear at a settlement hearing that has not been scheduled by this Court is DENIED.

### Property Room Evidence

Plaintiff's request for a subpoena to obtain property room evidence clearly seeks evidence that Plaintiff should have requested prior to the March 30, 2102 discovery deadline. Plaintiff essentially seeks to extend the discovery deadline that has already expired, but has failed to show the Court good cause for doing so.

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) quoting (Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

Plaintiff has not provided the Court with any facts to show that despite his diligent effort to obtain the requested discovery before the March 30, 2102, he was unable to do so. The Court cannot discern from the pleading why a hearing on this matter is necessary and Plaintiff fails to explain

how any action by Defendants created the need to extend the discovery deadline or hold a hearing. *See* Fed. R. Civ. P. 8(a) (requiring a short and plain statement showing the pleader is entitled to relief).

For the reasons set forth above, Plaintiff's Request for Subpoenas is DENIED. (Doc. 40.)

IT IS SO ORDERED.

Dated:   **April 18, 2012**                         **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE