IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE RAY BROWN<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICER JESS BEAGLEY, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 1:10-cv-01460 JLT<br><br>ORDER DENYING MODIFICATION OF SCHEDULING ORDER<br><br>ORDER DISREGARDING REQUEST TO COMPEL<br><br>ORDER DENYING MOTION TO RECONSIDER<br><br><br>(Doc. 50). |

On August 13, 2010, Plaintiff initiated this civil rights action against two individuals. (Doc. 1). On April 17, 2012, Plaintiff filed a motion requesting subpoenas "pursuant to Fed. R. Civ. P. 45(c)(1)." The Court denied Plaintiff's request because non-expert discovery had already closed and Plaintiff failed to provide the Court with any facts to show that despite his diligent effort to obtain the requested discovery before the March 30, 2012 deadline, he was unable to do so. (Doc. 48). Although the motion presently before this Court is titled as a Motion to Modify Scheduling Order, Plaintiff raises several other issues, including Defendants' responses to

1

discovery requests, Plaintiff's need for a hearing, and a request for a de novo review of the Magistrate's prior rulings. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to modify the scheduling order, **DISREGARDS** the portions of the motion relating to Defendants' responses to discovery requests and need for hearing on such issues, and **DENIES** Plaintiff's motion for reconsideration.

### 1. Good Cause to Modify Scheduling Order

As the Court previously informed Plaintiff, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) quoting (Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end

Plaintiff lists the names of six physicians he is currently seeing and 26 different medications that he currently takes (presumably) to demonstrate that his medical conditions prevented him from conducting discovery before the March 30, 2012 deadline. (Doc. 50 at 3). Plaintiff provides several dates in 2011 and 2012 in which he was dealing with his medical issues: May 11, 2011 – May 14, 2011 (hospitalization), January 23, 2012 – January 30, 2012 (cardiac issues), and March 22, 2012 (EGD). (Id. at 4). Plaintiff further alleges that from August 17, 2011 to February 17, 2012, the medication he took created mental and physical limitations. (Id. at 5). While the Court does not dispute that Plaintiff has had to deal with several medical issues during this case, he has not demonstrated that the medical issues have prevented him from diligently pursuing discovery. For example, the Scheduling Order in this case did not issue until October 19, 2011; thus, any date prior to this would not have affected Plaintiff's ability to conduct discovery. Second, Plaintiff claims that his medication limited his mental and physical abilities from August 2011 to February 2012; however, during that same period of time, Plaintiff was able to file a 20

2

page Objection to Defendant's Responses (Doc. 27), an 18 page Motion for Reconsideration (Doc. 30), and two Scheduling Conference reports (Docs. 32 and 35).  Thus, Plaintiff's physical and mental condition did not prevent him from requesting a modified scheduling order before the close of discovery.

Additionally, Plaintiff claims that good cause exists to modify the scheduling order because he has acted "diligently."  (Doc. 9 at 1 and 5).  Plaintiff explains that he "diligently" pursued Defendants' reasons for their March 15, 2010 "invasion of his privacy" and claims that he has asked Defendants three times to produce a transcription of "the text call" and a glass smoking pipe "before the summons issued."  (Id.)  From Plaintiff's description, it does not appear that Plaintiff ever sent Defendant a valid discovery request for such items, as Defendants had not yet been served with any complaint.  Other than Plaintiff's request for the items some time "before the summons issued" in May 2011 (Doc. 16), Plaintiff doesn't explain another action he took to obtain the discovery.  As a result, Plaintiff has failed to provide the Court with any facts to show that despite his diligent effort to obtain the requested discovery before the March 30, 2102, he was unable to do so.

**2.     Responses to Discovery Requests and Request for Hearing**

Plaintiff included in this Motion a request to compel Defendants to respond to Plaintiff's Interrogatories.  (Doc. 50 at 8).  Because the Court has already set a hearing date for Plaintiff's Motion to Compel, the Court **DISREGARDS** this request.  The Court will address the issue at the May 24, 2012 hearing.  For the reasons set forth above, Plaintiff's renewed Request for Subpoenas is **DENIED**.  (Doc. 40.)

**3.     Request to Reconsider Magistrate Judge's Rulings**

Plaintiff's Motion includes a request for a de novo review of the "Magistrate's findings recommendations and orders inter alia."   (Doc. 50 at 8).  It is not clear to which rulings or "other things" Plaintiff refers, as the Court has issued several orders in this case. The Court's most recent orders, issued April 18, 2012, relate to Plaintiff's request for subpoenas, settlement agreements, and Plaintiff's discovery dispute with Defendants.  (Doc. 47, 48, and 49).  For the reasons discussed above, Plaintiff's motion for reconsideration is not only vague, it appears

frivolous, and demonstrates no error by the Court. The Court therefore **DENIES** Plaintiff's motion for reconsideration.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to modify the scheduling order is **DENIED**;
2. Plaintiff's motion or a hearing on the discovery dispute is **DISREGARDED**;
3. Plaintiff's renewed request for subpoenas to be issued is **DENIED**;
4. Plaintiff's request for reconsideration of previous orders is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 8, 2012**          **/s/ Jennifer L. Thurston**
                                  UNITED STATES MAGISTRATE JUDGE