IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE RAY BROWN,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICER JESS BEAGLEY, et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 1:10-cv-01460 JLT<br><br>ORDER DENYING MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES<br><br>(Doc. 41). |

      On August 13, 2010, Plaintiff initiated this civil rights action against Defendants. (Doc. 1). On April 17, 2012, Plaintiff filed a motion to compel defendants "to respond to Plaintiff's discovery via F.R.C.P. Rule 37." (Doc. 41). Defendants have filed an Opposition to Plaintiff's motion on the grounds that the relief requested is not clear and that Defendants have responded as best they could to the incomprehensible special interrogatories propounded by Plaintiff. (Id.) On May 15, 2012, Plaintiff filed his reply. (Doc. 53) For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

    **I.  LEGAL STANDARDS**

      Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information for the purposes of discovery is any information that is "reasonably calculated to lead to the discovery of admissible

1

1  evidence." Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992).
2  District courts have broad discretion in determining relevancy for discovery purposes. Surfvivor
3  Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005).

4      A party may propound interrogatories relating to any matter that may be inquired into
5  under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a). In turn, the responding party
6  is obligated to respond to the interrogatories to the fullest extent possible, see Fed. R. Civ. P.
7  33(b)(3), and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). The
8  responding party shall use common sense and reason in its responses; hyper-technical, quibbling,
9  or evasive objections will not be viewed favorably by the court. Haney v. Saldana, No. 1:04-cv-
10 5935-AWI-SMS PC, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010).

11     If the party requesting discovery is dissatisfied with any of the responses, the party may
12 move to compel further responses by informing the court "which discovery requests are the
13 subject of [the] motion to compel, and, for each disputed response, inform the [c]ourt why the
14 information sought is relevant and why [the opposing party's] objections are not justified." Ellis
15 v. Cambra, 2008 U.S. Dist. LEXIS 109050, at *11 (E.D. Cal. Mar. 27, 2008). *See also* Randle v.
16 Franklin, 2010 U.S. Dist. LEXIS 89905, at *5-6 (E.D. Cal. Aug. 3, 2010) (explaining the Eastern
17 District of California's minimum standards on a motion to compel); Brooks v. Alameida, 2009
18 U.S. Dist. LEXIS 9568, at *5-6 (E.D. Cal. Feb. 10, 2009) (noting that unless the court is informed
19 which responses the moving party seeks to compel or on what grounds, the court cannot grant the
20 motion to compel).

21     **II.    PLAINTIFF'S MOTION TO COMPEL**
22         **A.  Defendants'[1] Affirmative Defenses**

23     Plaintiff's motion primarily addresses the affirmative defenses set forth in Defendants'
24 Answer. (Doc. 41 at 1-4 and 26). Plaintiff has retyped or copied this Court's entire screening
25 order into his motion presumably to support his argument that Defendants have somehow violated
26 or acted contrary to the Court's screening order by alleging certain affirmative defenses. (Id. at

---

[1] It is not clear to which defendant Plaintiff propounded Special Interrogatories 1-25; however, for purposes of this motion, the Court assumes the discovery was directed to both Defendants.

2

1  3). Plaintiff also asks this Court to issue sanctions against Defendants for asserting "frivolous
2  defenses." (Id. at 26).

3  Plaintiff is advised that the Court's screening order is a procedure to ensure that Plaintiff
4  has stated sufficient facts to proceed with a certain causes of action against a particular defendant
5  or defendants. In screening Plaintiff's Complaint, the Court is required to assume the truth of his
6  factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Contrary to Plaintiff's belief,
7  this does not mean that the Court has ruled that Plaintiff's factual allegations are indeed true or
8  that his evidence supports the relief he seeks. Such rulings will only occur after a party files a
9  dispositive motion or motions in limine or at trial. At the pleading stage, Defendants are entitled
10 to plead their potential affirmative defenses, just as Plaintiff was entitled to allege facts in his
11 Complaint. Furthermore, Defendants correctly argue that a motion to compel is not the proper
12 vehicle to challenge, oppose, or move to strike Defendants' Answer. Thus, the Court will DENY
13 Plaintiff's motion to compel any action by Defendants relating to Defendants' Answer and no
14 sanctions will issue.

### B. Further Responses to Special Interrogatories

16 Plaintiff's motion includes Special Interrogatories 1-25 and Defendants' responses
17 thereto. While Plaintiff has arguably identified the responses at issue in the motion, he has not
18 told the Court why his request is relevant and why Defendants' responses are not justified. *See*
19 Ellis, 2008 U.S. Dist. LEXIS 109050, at *11; Randle, 2010 U.S. Dist. LEXIS 89905, at *5-6; and
20 Brooks, 2009 U.S. Dist. LEXIS 9568, at *5-6 (E.D. Cal. Feb. 10, 2009) cited above.

### 1. Special Interrogatories Nos. 1-15

22 Special Interrogatories 1-15 are identical in that they all begin with the same language and
23 proceed to recite Defendants' affirmative defenses 1-14 (Special Interrogatories No.14 and No.15
24 both relate to affirmative defense No. 14). For example, Special Interrogatory 1 states the
25 following:
> Please be specific, as and for an [sic] first, separate and affirmative defense to
> Plaintiff's Second Amended Complaint on file herein, and each and every cause of
> action thereof. Defendants allege that the Second Amended Complaint on file herein
> fails to state a cause of action against Defendant [sic]?

28 Special Interrogatory 2 states:

3

> <u>Please be specific</u>, as and for an [sic] second, separate and affirmative defense to Plaintiff's unverified Second Amended Complaint on file herein, and each and every cause of action thereof. Defendants allege that the damages alleged therein [sic] Defendant [sic] allege that Plaintiff's injuries and damages, if any, were, and/or shall be the direct proximate result of Plaintiff's own negligence and that, as a result, Plaintiff's claims are barred or proportionately reduced [sic]?

Although each interrogatory ends with a question mark, none are phrased as a question, nor do they direct Defendants to provide Plaintiff with any specific information. Defendants objected to Special Interrogatories 1-15 as unintelligible and, without waiving the objection, informed Plaintiff that the affirmative defense was asserted "to preserve it should discovery reveal a factual basis to support it." (Doc. 41 at 14-21). In addition to the response described, Defendants also provided additional factual responses to Special Interrogatories 1-3, 6, 9-11, 13-15. Given the manner in which Special Interrogatories 1-15 are worded and the fact that Plaintiff failed to explain why Defendants' responses are not justified, Plaintiff's motion to compel further responses to these Special Interrogatories is **DENIED**.

### 2. **Special Interrogatories No. 16, 18, 22**

Special Interrogatories 16, 18, and 22 seem to be based upon Plaintiff's misunderstanding of the legal effect of the Court's Screening Order, as discussed above in Part II.A. Special Interrogatory 16 asks Defendants to explain what the screening order "means to them." (Doc. 41 at 22). Special Interrogatories 18 and 22 seem to ask Defendants if they will stipulate to certain findings set forth in the Court's order to "avoid frivolous defense claims." (<u>Id</u>. at 22 and 24).

Plaintiff has not explained why these Interrogatories are relevant, nor has he explained why Defendants' current responses are deficient or why their objections are baseless. It is Plaintiff's burden as the moving party on a motion to compel to provide the Court at least some explanation as to why a particular response to a discovery request is inadequate. *See* <u>Williams v. Flint</u>, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 6, 2007). Accordingly, Plaintiff's motion to compel further responses to Special Interrogatory numbers 16, 18, and 22 is **DENIED**.

### 3. **Special Interrogatory No. 17**

This Special Interrogatory calls for a yes or no answer. Defendants have objected and responded by stating "No" to the request. Thus, the Court does not find the response to be

4

insufficient nor has Plaintiff demonstrated why he believes it is insufficient. Thus, Plaintiff's motion to compel further responses to Special Interrogatory numbers 17 is **DENIED**.

### 4. Special Interrogatory No. 19-21 and 23-25

These Special Interrogatories seem to relate to the events at issue in the case. (Doc. 41 at 22-25). Defendants have objected to each of these interrogatories as either unintelligible or compound or both. (Id.) The Court has reviewed each of these Special Interrogatories and finds the objections are well-taken. The interrogatories are, indeed, compound and difficult to decipher. As with the other Special Interrogatories, Plaintiff has not explained why these Interrogatories are not intelligible or relevant or why Defendants' objections are baseless. Accordingly, Plaintiff's motion to compel further responses to interrogatory numbers 19-21 and 23-25 is **DENIED**.

### C. Request for Sanctions

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), when a motion to compel is denied, the Court may issue any protective order and must require the moving party to pay the party who opposed the motion reasonable expenses incurred in opposing the motion, including attorney's fees. Given that discovery has closed and Plaintiff is proceeding in forma pauperis, the Court will not order Plaintiff to pay such expenses. (See Fed. R. Civ. P. 37(a)(5)(A) (the Court must not order expenses if it finds that the circumstances make the award unjust). Accordingly, Plaintiff's request for fees, sanctions, or reasonable expenses associated with the motion is **DENIED**.

### III. CONCLUSION

In accordance with the above, the Court **ORDERS:**

1. Plaintiff's April 17, 2012 motion to compel (Doc. 41) is **DENIED**;

///
///
///
///
///

5

   2. Plaintiff's request for fees, sanctions, or reasonable expenses is **DENIED**.


IT IS SO ORDERED.

   Dated:   **May 16, 2012**                              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE