**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENNIE RAY BROWN, | ) Case No.: 1:10-cv-01460 - JLT |
| Plaintiff, | )<br>) ORDER DIRECTING CLERK TO NOT |
| | ) FORWARD PLAINTIFF'S NOTICE OF APPEAL |
| v. | ) TO THE NINTH CIRCUIT |
| OFFICER JESS BEAGLEY, et al., | )<br>) (Doc. 59) |
| Defendants. | )<br>) |
| | ) |

Plaintiff filed a "Notice of an Appeal" on June 26, 2012. (Doc. 59). Plaintiff seeks to appeal the Court's order denying Plaintiff's motion to compel discovery, issued on May 16, 2012. *Id.*

As explained by the Ninth Circuit, "[d]iscovery decisions are generally not final judgments that may be appealed under 28 U.S.C. § 1291." *United States v. Zone*, 403 F.3d 1101, 1106 (9th Cir. 2005) *Catlin v. United States*, 324 U.S. 229, 233 (1945). Rather, a final decision "is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin*, 324 U.S. at 233. The Supreme Court explained, the "policy against piece meal appeals . . . promotes judicial efficiency and hastens the ultimate termination of litigation." *United States v. Nixon*, 418 U.S. 683, 690 (1974) (citation omitted). Accordingly, interlocutory appeals are highly disfavored. *Id.*

Nevertheless, the Supreme Court has recognized exceptions to allow appeals of decisions, which allow the Circuit courts "to hear interlocutory appeals of orders that (1) conclusively determine a disputed opinion, (2) resolve an important issue completely separate from the merits of the action,

and (3) are effectively unreviewable on appeal from a final judgment." *Zone*, 403 F.3d at 1106 (citations and quotation marks omitted).  Here, Plaintiff asserts Court erroneously denied his motion to compel discovery.  (Doc. 59).  However, the denial of Plaintiff's motion to compel discovery *does not* determine a disputed issue or resolve an issue separate from the merits of the action.  Furthermore, the failure to obtain appellate review at this juncture does not render this decision "effectively unreviewable."

Because Plaintiff's notice fails to satisfy the requirements for an interlocutory appeal, the Court **ORDERS** the notice of appeal returned to Plaintiff and **DIRECTS** the Clerk of Court <u>not</u> to forward it to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   __**August 2, 2012**__                              _____**/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

2