1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   BENNIE RAY BROWN,                    )   Case No.: 1:10-cv-01460 - JLT
                                          )
12               Plaintiff,               )   ORDER DENYING DEFENDANTS' MOTION
                                          )   FOR SUMMARY JUDGMENT
13       v.                               )
                                          )   (Doc. 58)
14   OFFICER JESS BEAGLEY, et al.,        )
                                          )
15               Defendants.              )
                                          )
16   _____)

17          Jess Beagley and Justin Enns, officers of the Bakersfield Police Department ("Defendants")

18   seek summary judgment and dismissal of the action.  Plaintiff Bennie Ray Brown ("Plaintiff") did not

19   file a timely opposition, but appeared at the hearing on August 6, 2012.  For the following reasons,

20   Defendants' motion for summary judgment is **DENIED**.

21   **I.      PROCEDURAL HISTORY**

22          Plaintiff initiated this action on August 13, 2010 by filing his complaint for civil rights

23   violations on August 13, 2010.  (Doc. 1).  Because Plaintiff requested permission to proceed *in forma*

24   *pauperis*, the Court screened his complaint pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2).  The

25   Court dismissed Plaintiff's complaint with leave to amend (Doc. 5), and Plaintiff filed an amended

26   complaint on December 6, 2010.  (Doc. 6). Reviewing Plaintiff's amended complaint for cognizable

27   claims, the Court found Plaintiff failed to allege facts sufficient to support his claims of constitutional

28

1    violations by the Defendants.  (Doc. 7).  Accordingly, Plaintiff's amended complaint was also

2    dismissed with leave to amend on January 18, 2011.  *Id.*

3         On April 18, 2011, Plaintiff filed his Second Amended Complaint.  (Doc. 11).   Plaintiff

4    alleged Defendants lacked probable cause to search his motel room or for his subsequent arrest.  *Id.*

5    The Court found Plaintiff stated cognizable claims for violations of the Fourth Amendment, and

6    determined service of the Second Amended Complaint was appropriate.  (Doc. 12).

7    **II.    STANDARDS FOR SUMMARY JUDGMENT**

8         The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order

9    to see whether there is a genuine need for trial."  *Matsuhita Elec. Indus. Co. Ltd. v. Zenith Radio*

10   *Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).  Summary judgment is appropriate when there is

11   "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

12   Fed. R. Civ. P. 56(a).  Summary judgment should be entered, "after adequate time for discovery and

13   upon motion, against a party who fails to make a showing sufficient to establish the existence of an

14   element essential to that party's case, and on which that party will bear the burden of proof at trial."

15   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

16        A party seeking summary judgment bears the "initial responsibility" of demonstrating the

17   absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  An issue of fact is genuine only

18   if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact

19   is material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty*

20   *Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th

21   Cir. 1987).  The party seeking summary judgment demonstrates it is appropriate by "informing the

22   district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions,

23   answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes

24   demonstrates the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323 (quoting Fed.

25   R. Civ. P. 56(c)).

26        If the moving party meets its initial burden, the burden then shifts to the opposing party to

27   present specific facts that show there is a genuine issue of a material fact.  Fed R. Civ. P. 56(e);

28   *Matsuhita*, 475 U.S. at 586.  An opposing party "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Id.* at 587.  The party is required to tender evidence specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exits.  *Id.* at 586 n.11; Fed. R. Civ. P. 56(c).  In addition, the opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).  However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 322.

Significantly, even if the motion is unopposed, a court cannot grant summary judgment solely because no opposition has been filed.  *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994).  The court must apply standards consistent with Federal Rule of Civil Procedure 56 to determine whether the moving party has demonstrated that there is no genuine issue of material fact and judgment is appropriate as a matter of law. *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 950 (9th Cir. 1993).  In resolving a motion for summary judgment, the Court examines the evidence provided by the parties, including pleadings depositions, answer to interrogatories, and admissions on file.  *See* Fed. R. Civ. P. 56(c).

## III.    DISCUSSION AND ANALYSIS

On March 15, 2010, the Defendants were dispatched to the Western Inn given a report of a disturbance in which the participants had kjnives and guns.  The dispatcher reported,

> WESTERN INN. RP CALLING FROM NON WORKING [C]ELL PHONE, 16-20 MALE AND FEMALE BLK AND HISP. WYATT. 2RP SAYS INVOLVING, 233 AND 235, SUBJS W/GUNS AND KNIVES. CAN HEAR A LD 415 OVER THE PHONE . . . SUBJS ARE STILL IN A VERBAL TO THE FRONT OF THE RPS ROOM 236 . . . . 110 233 AND 235 211 ARE THE NUMBERS INVOLVED . . ALSO 225 AND 221 . . . RP SAYS SUBJS ARE FIGHTING . . CAN NO DESCRIBED ANYTHING ANYONE IS WEARING . . . SAYS THE SUBJS W/THE GUNS ARE FROM ROOM 235 PR NOW CORRECTING, SAYS 221 AND 225 ARE THE SUBJSW/THE GUNS . . . UNK NAMES . . STILL UNK CLOTHING

(Doc. 11 at 19).  Plaintiff was staying in room 235 at the Western Inn, and Defendants went to this room at approximately 7:30 p.m. (Brown Depo. at 38:3-6; Beagley Decl. ¶¶ 3-4), after finding no disturbance in room 225 or 223.  (Doc. 11 at 19).  At the time the officers arrived, Lillie Keenan and

Darius Jones were in room 235 with Plaintiff.

Officer Beagley reported he "observed the blinds to be partially open" in room 235.  (Beagley Decl. ¶ 4).  In addition, Officer Beagley stated he observed Plaintiff "standing next to a night stand and on the night stand [he] observed a pipe."  *Id.*  From his "training and experience as a police officer," the defendant knew it "was a glass pipe commonly used to smoke rock cocaine."  (*Id.*)  Officer Beagley knocked on the door, and Plaintiff looked out of the window, making eye contact with Officer Beagley.  (Brown Depo. at 37: 17-20; Beagley Decl. ¶ 5).

After the door was opened, Officer Beagley did not see the pipe on the night stand.  (Beagley Decl. ¶ 5).  However, there were drugs in a plastic bag near Ms. Keenan on the bed.  (Brown Depo. at 41:1-3; Beagley Decl. ¶ 6).  Once Ms. Keenan stood from the bed, Officer Beagley "observed the cocaine smoking pipe underneath the spot where Ms. Keenan had been seated."  (Beagley Decl. ¶ 6).  In addition, Officer Beagley reported he "observed a number of bills in U.S. currency on the bed, near the baggie [of drugs]."  (*Id.*)  Plaintiff, Ms. Keenan, and Mr. Jones were arrested, and Plaintiff was charged with violations of California Health and Safety Code § 11351.5 (possession of cocaine for sale) and § 11364 (possession of drug paraphernalia), as well as California Penal Code § 182(a)(1) (conspiracy to commit a crime).  However, the District Attorney dropped the charges against Plaintiff.  (Doc. 58-1 at 5).

The Fourth Amendment provides "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures."  *U.S. Constitution, amend. IV.*  When an individual believes a search has violated the Fourth Amendment, he "must demonstrate a legitimate expectation of privacy in the place or item searched by showing an actual subjective expectation of privacy which society is prepare to recognize."  *United States v. Davis*, 932 F.2d 752, 756 (9th Cir. 1991); *see also United States v. Sarkisian*, 197 F.3d 966, 986 (9th Cir. 1999).  The protections of the Fourth Amendment are not limited to homes, but extend to places such as hotel or motel rooms.  *Stoner v. California*, 376 U.S. 483, 490 (1964) ("No less than a tenant of a house, or the occupant of a room in a boarding house, a guest in a hotel room is entitled to constitutional protection against unreasonable searches and seizures.")  Consequently, the Ninth Circuit has recognized that "[p]art of what a person purchases when he leases a hotel room is privacy for one's person and one's things."

*United States v. Young*, 573 F.3d 711, 716 (9th Cir. 2009) (citing *United States v. Dorais*, 241 F.3d 1124, 1128 (9th Cir. 2001)).  Accordingly, Plaintiff possessed a reasonable expectation of privacy in his room located at Western Inn.

The parties do not dispute that Defendants did not have a warrant to search Plaintiff's hotel room or for his arrest and Plaintiff contends Defendants lacked probable cause to search his room or for the subsequent arrest.  According to Defendants, it is undisputed that "Upon responding to the scene Officer Beagley observed the blinds to be partially open in room 235."  (Statement of Undisputed Facts, Doc. 58-2 at 2).  However, Plaintiff testified at his deposition that there were blinds on the window and "[t]hey was closed, all the way closed."[1]  (Brown Depo. at 37:23-24).  Therefore, there *is* a dispute regarding whether the blinds were open, and whether the officers could have seen the glass pipe from the window, as Officer Beagley asserts.

As Defendants' counsel admitted at the hearing, if the officers were unable to see into the room, they lacked probable cause to enter it.   Probable cause exists where "there is a *fair probability* that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (emphasis added).  If the officers did not view the glass pipe from outside the room, Defendants will not be able to demonstrate there was a "fair probability" that evidence of a crime existed in Plaintiff's hotel room.  Consequently, because there is a genuine dispute of material fact whether the officers could see the glass pipe before they entered the room, Defendants have failed to meet their burden of proof.

## IV.    CONCLUSION AND ORDER

Having examined the evidence provided by Defendants, including deposition and declaration testimony, the Court finds Defendants failed to meet their initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323.  Whether Defendants were able to see into the hotel room prior to entry is a fact that would "affect the outcome of the suit under the governing

---

[1] It appears that Defendants interpret Plaintiff's testimony to mean that Plaintiff closed the blinds after Officer Beagley looked into the room and that they had been open before that time.  However, another reasonable inference is that the blinds were closed when the officers approached and that Plaintiff opened them—by peering through--to respond to the officers who were demanding entry.  The Court is required to interpret the evidence in favor of Plaintiff as the non-moving party. *Matsushita*, 475 U.S. at 587–88; *Whitman v. Mineta,* 541 F.3d 929, 931 (9th Cir.2008).

law." *Anderson*, 477 U.S. at 248.  Accordingly, Defendants are not entitled to summary judgment. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c).

Based upon the foregoing, **IT IS HEREBY ORDERED**: Defendants' motion for summary judgment (Doc. 58) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 6, 2012**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE